CIACCIO, Judge.
Defendant, Jimmie Johnson, was tried by a twelve member jury and found guilty of second degree murder, a violation of LSA-R.S. 14:30.1. The trial court sentenced him to life imprisonment at hard labor, without benefit of probation, parole or suspension of sentence. Defendant appeals his conviction. We affirm.

*1327
Facts

On November 27, 1987 at approximately 6:30 p.m., Lillie Russell and her daughter, Deborah Randolph, went to Louisiana Check Cashers Store No. 5 on St. Claude Avenue, where Ms. Russell purchased six money orders. The ladies then proceeded to Ms. Randolph’s house on Tonti Street, with Ms. Randolph driving her mother’s vehicle.
As Ms. Randolph was parking, a white van drove up alongside the car. Ms. Randolph got out of the ear to see what was wrong. A man, subsequently identified as the defendant, came out from the passenger side of the van with a gun and demanded Ms. Randolph’s purse. She stated that she did not have a purse, pushed the gunman and ran to her mother-in-law’s house to call the police.
Valerie Thomas testified that she was at her mother-in-law’s house near the corner of Tonti and Barracks streets, when she heard someone blowing a horn. She went to the front door and observed what appeared to be two women standing near the passenger side of the car. She also observed that there was a white van with someone in it and a passenger in the car blowing the horn. When the lady outside the car screamed for help, Ms. Thomas became frightened and closed the door. As soon as she got inside the door she heard a single gunshot coming from the street where she had been looking.
Abdell Rahim Nasser testified that in the afternoon of either Friday, November 27, or Saturday, November 28,1987, he personally authorized a clerk at his store, the Community Meat Market, to cash a money order first for the defendant’s brother Anthony and later, for the defendant. These money orders were subsequently identified by Daniel Mueller, an employee of Louisiana Check Cashers, as two of the six money orders that were purchased from him on the date of the murder and corresponded in amounts to money orders purchased by the victim that date.
Following an anonymous tip, Detective Elena Cox assembled photographs which included a photograph of the defendant and conducted a photographic line-up with Ms. Randolph, who positively identified the defendant.
A review of the record for errors patent reveals that there are none.

Assignment of Error

As his sole assignment of error on appeal defendant claims that the admission of hearsay evidence was prejudicial error. Specifically, defendant contends that the testimony regarding a $34.00 money order, purchased by the victim on the day of the murder and cashed by the defendant the following day, is inadmissible hearsay because the State failed to establish the predicate for the admission of the testimony. Defendant argues that the money orders, purchase copies and related testimony were inadmissible documentary evidence under the business records exception to the hearsay rule.
In this case Mueller testified that he sold a series of six money orders on November 27, 1987 and testified as to the photocopies of the store’s record copies of these orders. He testified that the two green sheets, the money orders purportedly cashed by the defendant and defendant’s brother, had corresponding serial numbers with two of the white photocopies of money orders which he had sold on November 27. Although neither the white photocopies nor the recollection of Mueller substantiated that the purchaser of the money orders was the victim, they did provide probative circumstantial evidence as to the series of six money orders, in amounts provided by the victim’s daughter, as having been purchased immediately prior to the murder.
Contrary to defendant’s argument on appeal, Ms. Randolph testified that she recalled her mother’s purchase of the six money orders, including the $34.00 money order subsequently cashed by the defendant.
As to the cashing of the money orders, Nasser testified that he knew the defendant and his brother personally and recalled authorizing his employee to cash the money orders, which were later identified by Mueller by their serial numbers.
*1328 Although the linking of the defendant to the decedent through the money orders is circumstantial, it is not the result of inadmissible hearsay. This assignment is without merit.
Defendant further contends that allowing the testimony relating to the money orders into evidence is prejudicial error because the only other evidence which links the defendant to the victim is a questionable identification by Ms. Randolph in that it differs from the description she and other eyewitnesses gave in the initial police report. We disagree. Ms. Randolph testified that the perpetrator armed with a gun attempted to rob her. She ran away and her mother was then shot and killed. Ms. Randolph positively identified the defendant as her assailant at a photographic line-up and again in court. The strong circumstantial evidence serves to corroborate the independently sufficient proof that the defendant killed the victim while engaged in the perpetration or attempted perpetration of armed robbery.
Accordingly, the defendant’s conviction and sentence are affirmed.
AFFIRMED.